No. 24-6095

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

BRENDA YOUNG, on behalf of herself, the general public, and all others similarly situated,

Plaintiff-Appellee,

v.

RENEWAL BY ANDERSEN LLC, ANDERSEN CORPORATION, RIVER CITY WINDOW & DOOR, INC., AND DOES 1–10,

Defendants-Appellants.

---

## APPELLEE'S BRIEF

---

On appeal from the United States District Court for the Eastern District of California, No. 2:24-cv-001759-DJC-CKD, Hon. Daniel J. Calabretta

---

Thomas D. Warren
Dan Terzian
WARREN TERZIAN LLP
222 N. Pacific Coast Hwy, Suite 2000
Los Angeles, CA 90245
(216) 304-4970
tom.warren@warrenterzian.com
dan.terzian@warrenterzian.com

*Counsel for Plaintiff-Appellee*
*Brenda Young*

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................1

STATEMENT REGARDING ORAL ARGUMENT ............................................ 2

ISSUES PRESENTED ............................................................................. 2

STATEMENT OF THE CASE ................................................................3

SUMMARY OF THE ARGUMENT ................................................... 6

ARGUMENT...............................................................................................7

    I.    The district court had the discretion to remand rather than dismiss the case.................................................................................7

        A.    Having argued below that the district court had the discretion to remand, the appellants cannot now contend that the court could not remand. ............................................14

    II.    If equity jurisdiction plainly does not exist, a defendant cannot waive it; the district court may not proceed regardless of whether a party objects ................................................................. 17

        A.    Even if a defendant could unilaterally waive the lack of equitable jurisdiction, the appellants did not do so below and cannot do so now............................................................. 19

CONCLUSION ................................................................................20

STATEMENT OF RELATED CASES ................................................ 21

CERTIFICATE OF COMPLIANCE.................................................22

## TABLE OF AUTHORITIES

### Cases

*Barranco v. 3D Sys. Corp.*,
    952 F.3d 1122 (9th Cir. 2020) ................................................................14, 17

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988) ...................................................................... *passim*

*Cates v. Allen*,
    149 U.S. 451 (1893) .................................................................. 9, 15

*Cetacean Cmty. v. Bush*,
    386 F.3d 1169 (9th Cir. 2004) ....................................................18

*Clevenger v. Welch Foods Inc.*,
    No. SACV 23-00127-CJC-JDEx, 2023 WL 2390630 (C.D. Cal. Mar.
    7, 2023) ..........................................................................................7

*Dairy Queen, Inc. v. Wood*,
    369 U.S. 469 (1962) ...................................................................14

*Davidson v. Kimberly-Clark Corp.*,
    873 F.3d 1103 (9th Cir. 2017) ............................................... 4, 17

*Freeman v. Oakland Unified Sch. Dist.*,
    179 F.3d 846 (9th Cir. 1999) ......................................................18

*Granato v. Apple Inc.*,
    No. 5:22-CV-02316-EJD, 2023 WL 4646038 (N.D. Cal. July 19,
    2023) .............................................................................................7

*Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*,
    527 U.S. 308 (1999) .................................................................... 9

*Guar. Tr. Co. of N.Y. v. York*,
    326 U.S. 99 (1945) .................................................................. 9, 14

*Guthrie v. Transamerica Life Ins. Co.*,
    561 F. Supp. 3d 869 (N.D. Cal. 2021) .................................... *passim*

*Guzman v. Polaris Indus.*,
    49 F.4th 1308 (9th Cir. 2022)................................................................. *passim*

*Hamilton v. State Farm Fire & Cas. Co.*,
    270 F.3d 778 (9th Cir. 2001) ......................................................... 13

*Haver v. Gen. Mills, Inc.*,
    No. 3:24-cv-01269-CAB-MMP, 2024 WL 4492052 (S.D. Cal. Oct. 11, 2024) ........................................................................................7

*Horton v. Kraft Heinz Foods Co.*,
    No. 24-cv-9009-TWR (SBC), 2024 WL 4211182 (S.D. Cal. Sept. 6, 2024) ........................................................................................7

*Kamm v. ITEX Corp.*,
    568 F.3d 752 (9th Cir. 2009) .......................................................... 9

*Linton v. Axcess Fin. Servs.*,
    No. 23-cv-01832-CRB, 2023 WL 4297568 (N.D. Cal. June 30, 2023) ...........7

*Mandel v. Marathon Petroleum Co., LP*,
    No. 2:24-cv-09647-MEMF-SSC, 2025 WL 635333 (C.D. Cal. Feb. 27, 2025).........................................................................................7

*Martinez-Graciano v. J.R. Trademark Co.*,
    No. 5:24–cv–02529–JGB–SP, 2025 WL 636711 (C.D. Cal. Feb. 27, 2025) .........................................................................................7

*Matthews v. Rodgers*,
    284 U.S. 521, (1932)..................................................................... 15

*McGill v. Citibank, N.A.*,
    2 Cal. 5th 945 (2017) ................................................................... 17

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)...................................................................... 15

*One Indus., LLC v. Jim O'Neal Distrib., Inc.*,
    578 F.3d 1154 (9th Cir. 2009)....................................................... 19

*Peridot Tree, Inc. v. City of Sacramento*,
    94 F.4th 916 (9th Cir. 2024) ........................................................ 8

*Rogoff v. Transamerica Life Ins. Co.*,
    No. EDCV 24-1254 JGB (SPX), 2024 WL 5010642 (C.D. Cal. Dec. 6,
    2024) ............................................................................................. 7

*Rosewell v. LaSalle Nat. Bank*,
    450 U.S. 503 (1981) .................................................................... 12

*Royal Canin U.S.A., Inc. v. Wullschleger*,
    604 U.S. 22 (2025) ................................................................ 10, 11

*Ruiz v. The Bradford Exch., Ltd.*,
    No. 3:23-CV-01800-WQH-KSC, 2024 WL 2844625 (S.D. Cal. May
    16, 2024) ............................................................................. *passim*

*Silva v. CreditNinja Lending, LLC*,
    No. 3:24-cv-01870-MMA-AHG, ECF Nos. 13 (S.D. Cal. Mar. 12,
    2025) ............................................................................................. 7

*Snapper v. Redan*,
    171 F.3d 1249 (11th Cir. 1999) .................................................. 8

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ................................................ 4, 14

*Twist v. Prairie Oil & Gas Co.*,
    274 U.S. 684 (1927) ............................................................ *passim*

*United States v. Myers*,
    804 F.3d 1246 (9th Cir. 2015) .................................................. 14

*United States v. Olano*,
    507 U.S. 725 (1993) .................................................................. 16

*United States v. Perez*,
    116 F.3d 840 (9th Cir. 1997) .................................................... 16

*United States v. Texas*,
    507 U.S. 529 (1993) .................................................................. 12

*Velasquez v. Luxottica of America, Inc.*,
    No. 2:25-cv-00074-MCS-PVC, 2025 WL 562881 (C.D. Cal. Feb. 19,
    2025) ........................................................................................................... 7

*White v. BP Products North Am., Inc.*,
    No. 5:24-cv-01827-SPG-SK, 2024 WL 5247959 (C.D. Cal. Dec. 26,
    2024) ........................................................................................................... 7

## Statutes

28 U.S.C. § 1332(d) ............................................................................... 11

28 U.S.C. § 1367(c)(3) ........................................................................... 11

Cal. Bus. & Prof. Code § 17200 *et seq.* ........................................... *passim*

Cal. Bus. & Prof. Code § 17500 *et seq.* ........................................... *passim*

## INTRODUCTION

The appellants removed from the Sacramento County Superior Court this putative consumer class action, which asserts claims for unfair competition and false advertising under California law. The appellee, Brenda Young, moved to remand. The lower court granted the motion to remand, holding that it lacked subject matter jurisdiction over the claims for public injunctive relief and lacked equitable jurisdiction over the claims for restitution.

On appeal, the appellants contend that the district court lacked the authority to remand the case, and had to dismiss the case instead. But as recently confirmed by the Supreme Court, the district court was well within its authority to remand. Moreover, the appellants contended below that the district court had the discretion to remand rather than dismiss, and they cannot be heard now to contend that the district court lacked that discretion. The appellants further contend that the lack of equitable jurisdiction can be waived. But the district court cannot proceed where a case plainly lacks equitable jurisdiction, and even if the absence of equitable jurisdiction could be waived, the appellants failed to waive it here.

Because the lower court did not abuse its discretion in remanding rather than dismissing the case, the Court should affirm.

## STATEMENT REGARDING ORAL ARGUMENT

The posture of this case is different in some respects from *Ruiz v. The Bradford Exchange, Ltd.*, No. 24-3378, in which the Court heard oral argument on March 27, 2025. First, unlike *Ruiz*, where the plaintiff sought only restitution (and as such the case involved only equitable jurisdiction), the plaintiff here also sought public injunctive relief, a claim over which the lower court lacked subject matter jurisdiction. Second, unlike *Ruiz*, the defendants here did not waive any objection to the district court's lack of equitable jurisdiction. Third, unlike *Ruiz,* the defendants here conceded that the district court had the discretion to remand. The extent to which these distinctions matter may depend on how *Ruiz* is decided, and as such the suitability of this appeal for oral argument is as of yet unclear.

## ISSUES PRESENTED

1.    The appellants conceded below that the district court had the discretion to remand this case to state court. Agreeing, the district court exercised its discretion to remand. Are the appellants judicially estopped or otherwise barred from now contending that the district court did *not* have the discretion to remand?

2.    The Supreme Court recently reiterated that district courts have the discretion to remand a removed case instead of dismissing it, even in the absence of specific statutory authority, when doing so would support the interests of economy, fairness, and comity. Only a state court could hear the plaintiff's claims for relief,

and dismissal instead of remand could put the case into a perpetual loop of dismissal, re-filing, re-removal, and re-dismissal that would prevent the claims from ever being heard. Did the district court appropriately exercise its discretion to remand the case to the state court from which it was removed?

3. A district court cannot hear a case that plainly lacks equitable jurisdiction, and a party cannot manufacture equitable jurisdiction when it plainly does not exist. Moreover, the appellants did not argue below that they waived any challenge to the lack of equitable jurisdiction; to the contrary, they told the district court that if it did not remand, dismissal was the appropriate remedy. Is this waiver issue properly before this Court, and if so, does the claim of waiver lack merit?

## STATEMENT OF THE CASE

This putative class action alleges that Renewal by Andersen, one of the largest window-replacement companies in the country, defrauds Californians into purchasing overpriced replacement windows and doors by falsely advertising limited-time sales that actually occur year-round, and falsely claiming discounts from prices that no one ever pays. The complaint, which the plaintiff filed on May 20, 2024 in Sacramento County Superior Court, seeks equitable relief in the form of restitution and a public injunction under California's Unfair Competition Law and False Advertising Law as a result of the defendants' false advertising scheme.

The defendants removed this case to federal court. But while the state court has jurisdiction over the plaintiff's claims, federal courts cannot hear either claim. Under *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1115 (9th Cir. 2017), federal courts lack Article III standing (and thus subject matter jurisdiction) over the plaintiff's claims for public injunctive relief because she alleges only a prior harm, not an actual or imminent threat of future harm. And under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) and *Guzman v. Polaris Indus., Inc.*, 49 F.4th 1308 (9th Cir. 2022), federal courts lack equitable jurisdiction over the plaintiff's claims for restitution because she does not allege that she lacks an adequate remedy at law.

The appellants conceded below that the lack of equity jurisdiction meant that the district court could not hear the case, writing that "it appears likely that Plaintiff's claims cannot proceed to determination on the merits in federal court under equitable jurisdiction principles." (Opposition to Motion to Remand, ECF No. 20, at 9.) Because the lower court could not hear either claim, it was faced with the decision whether to remand the case or dismiss it. The appellants argued below that this Court's jurisprudence did not mandate remand, and that it had discretion to dismiss instead. (*Id.* at 7.) Counsel for Renewal by Andersen and Andersen

Corporation reiterated at the September 19, 2024 hearing on the motion to remand

that the district court had the discretion whether to dismiss or remand:

> MR. SCOTT: I think this—both of the—the briefing on this I
> think has left it in your discretion. The Court is going to decide
> what's the right thing to do.

(ER-18.)

The district court agreed, holding that "ultimately, I think you're right, I

have discretion." (ER-19.) After considering the parties' arguments and the law,

the district court exercised its discretion to remand at the hearing, holding that it

"lacks Article III jurisdiction and equitable jurisdiction over Plaintiff's claims[.]"

(ER-27.)

On September 30, 2024, the appellants timely filed a notice of appeal under

FRAP 4 and a petition for permission to appeal under FRAP 5. The Court stayed

the permissive appeal, No. 24-5950, pending resolution of this appeal.

## SUMMARY OF THE ARGUMENT

The district court properly exercised its discretion to remand this case to the

Sacramento Superior Court. Given a lack of equity jurisdiction as to the claim for

restitution and subject-matter jurisdiction as to the claim for public injunctive

relief, the appellee's UCL and FAL claims could only be heard in state court. And

if the case were dismissed instead of remanded, requiring it to be refiled in state

court, it could exclude certain members of the putative class for whom the statute of limitations expired between the first and second filings, and lead to a perpetual loop of dismissal, refiling, removal, and dismissal that would preclude the appellee's state-law claims from ever being heard—which this Court has expressly held is prohibited.

The appellants argued below that it believed dismissal was the appropriate remedy, while nevertheless conceding that the court had the discretion to remand. On appeal, they argue that the district court had no discretion to remand. Given their inconsistent positions, they are precluded from making this argument on appeal. But even if they could make the argument, the district court had the inherent authority under longstanding Supreme Court precedent to remand a case lacking equity jurisdiction to further the interests of comity, fairness, and economy.

The appellants further contend that a defendant can unilaterally waive the lack of equity jurisdiction. But a district court has the duty to object when equity jurisdiction is plainly lacking, as here. And even if the absence of equity jurisdiction could be waived, the appellants did not seek to waive it below, and cannot claim error on that basis.

# ARGUMENT

## I. The district court had the discretion to remand rather than dismiss the case.

The lower court's conclusion that it had the discretion to remand in the absence of equity jurisdiction is one of in a long line of lower court opinions that have concluded that when a removed complaint alleges only claims over which the district court lacks equity jurisdiction, the court has the authority to remand.[1]

The appellants contend that these cases were wrongly decided, arguing that there is no specific statute authorizing remand in this situation and that remanding for a lack of equitable jurisdiction does not fall within one of the recognized abstention doctrines. But this is not a case that involves abstention, which deals

---

[1] *See Silva v. CreditNinja Lending, LLC*, No. 3:24-cv-01870-MMA-AHG, ECF Nos. 13, 20 (S.D. Cal. Mar. 12, 2025); *Mandel v. Marathon Petroleum Co., LP*, No. 2:24-cv-09647-MEMF-SSC, 2025 WL 635333 (C.D. Cal. Feb. 27, 2025); *Martinez-Graciano v. J.R. Trademark Co.,* No. 5:24–cv–02529–JGB–SP, 2025 WL 636711 (C.D. Cal. Feb. 27, 2025); *Velasquez v. Luxottica of America, Inc.*, No. 2:25-cv-00074-MCS-PVC, 2025 WL 562881 (C.D. Cal. Feb. 19, 2025); *White v. BP Products North Am., Inc.*, No. 5:24-cv-01827-SPG-SK, 2024 WL 5247959 (C.D. Cal. Dec. 26, 2024); *Rogoff v. Transamerica Life Ins. Co.,* No. EDCV 24-1254 JGB (SPX), 2024 WL 5010642 (C.D. Cal. Dec. 6, 2024); *Haver v. Gen. Mills, Inc.*, No. 3:24-cv-01269-CAB-MMP, 2024 WL 4492052 (S.D. Cal. Oct. 11, 2024); *Horton v. Kraft Heinz Foods Co.*, No. 24-cv-9009-TWR (SBC), 2024 WL 4211182 (S.D. Cal. Sept. 6, 2024); *Ruiz v. The Bradford Exch., Ltd.*, No. 3:23-CV-01800-WQH-KSC, 2024 WL 2844625 (S.D. Cal. May 16, 2024); *Linton v. Axcess Fin. Servs.*, No. 23-cv-01832-CRB, 2023 WL 4297568 (N.D. Cal. June 30, 2023); *Granato v. Apple Inc.*, No. 5:22-CV-02316-EJD, 2023 WL 4646038 (N.D. Cal. July 19, 2023); *Clevenger v. Welch Foods Inc.,* No. SACV 23-00127-CJC-JDEx, 2023 WL 2390630 (C.D. Cal. Mar. 7, 2023); *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 872 (N.D. Cal. 2021).

with whether a district court *should not* exercise jurisdiction when it otherwise would have the obligation to decide the case before it. *See, e.g.*, *Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 925–26 (9th Cir. 2024). Rather, as the appellants conceded below, the district court *could not* hear the claims because of the absence of equitable (and with respect to the claim for injunctive relief, subject-matter) jurisdiction. *See Guzman v. Polaris Indus.*, 49 F.4th 1308, 1314 (9th Cir. 2022) (equitable jurisdiction is "required for a federal court to hear the merits of an equitable claim").

As such, the only question before the district court was whether it had the discretion to remand rather than dismiss the claims before it. The appellants concede on appeal that there are recognized grounds, not based in either statute or abstention, for remand based on a federal court's inherent authority. (Opening Br. 21.) But, citing an Eleventh Circuit case, they contend that there are only two non-statutory bases for remand other than abstention—forum selection clauses and a lack of supplemental jurisdiction. *Id.* (citing *Snapper v. Redan*, 171 F.3d 1249 (11th Cir. 1999)). But even if *Snapper* were controlling, that is not what *Snapper* held. Rather, it held that "[t]he *most common examples* of these grounds arise in the contexts of forum selection clauses, abstention, and supplemental jurisdiction,"

not that the ability to remand was limited to those three situations. *Id.* at 1253.[2]

In fact, the Supreme Court has expressly held that a district court may remand a removed case for lack of equity jurisdiction, even in the absence of statutory authority. In *Cates v. Allen*, 149 U.S. 451 (1893), the Supreme Court held that the circuit (now district) court was obliged to remand to state court a removed case that lacked equity jurisdiction. "In the case before us, a bill in equity, sustainable in the state court, was removed by the complainants under the act of 1875, and it was the duty of the circuit court, upon ascertaining that it was improperly removed, to remand the case." *Id.* at 460. *Cates* was cited with approval in *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684 (1927), which held that when equitable relief is sought and may be awarded in state court, but it is "beyond the equitable jurisdiction of the federal court," the case should be remanded. *Id.* at 689-90. While these cases predated the 1938 merger of law and equity, the historic limitations on federal equity jurisdiction, including the lack of an adequate remedy at law, remain in effect. *See Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 105 (1945); *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 318 (1999).

---

[2] Nor did this Court's decision in *Kamm v. ITEX Corp.*, 568 F.3d 752 (9th Cir. 2009), also cited by the appellants, hold that the circumstances in which a district court may remand based on the court's inherent authority are limited to these three scenarios.

The Supreme Court recently reiterated that a district court has the inherent authority to remand instead of dismiss a removed case, even in the absence of a specific statute, when doing so would support the interests of comity and judicial economy. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 40 (2025). In *Royal Canin*, the Supreme Court embraced the reasoning of its earlier opinion in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988), which held that the district court had discretion to remand rather than dismiss a removed case that lacked supplemental jurisdiction upon the plaintiffs' dismissal of their federal claims would otherwise be time-barred on refiling, even in the absence of statutory authority to remand, to "accommodate the values of economy, convenience, fairness, and comity." *Id.* at 351.

The values of economy, fairness, and comity apply with equal force here. Dismissing rather than remanding, which would require the plaintiff to refile in state court, would "conflict with the principle of comity to States" by limiting the scope of the putative class by virtue of the statute of limitations. *Id.* at 352; *see also id.* at 353 (the statute of limitations of state-law claims "provides a potent reason for giving federal district courts discretion to remand, as well as to dismiss"). And dismissing (followed by refiling, removal, and dismissal again) would also raise the prospect of a perpetual loop in which the plaintiff and the putative class can never

have their state-law claims heard—something this Court has held to be improper. *See Guzman*, 49 F.4th at 1315 ("But where federal law bars us from considering the merits of state-law claims, we also lack authority to prevent state courts from doing so.").[3]

The appellants argue that the manner in which the complaint is pled is an attempt to circumvent the Class Action Fairness Act, 28 U.S.C. § 1332(d). But in *Royal Canin*, the Supreme Court reiterated the principle that the plaintiff is the master of her complaint, even if it affects whether a federal court can hear the matter. "The plaintiff is 'the master of the complaint,' and therefore controls much about her suit. She gets to determine which substantive claims to bring against which defendants." 604 U.S. at 35.

If Congress had intended in enacting CAFA for class actions lacking equity jurisdiction to be heard in federal court, it could have abrogated the adequate-remedy-at-law limitation on federal equity jurisdiction, much as it expanded the

---

[3] Indeed, the case for remand in the absence of equity jurisdiction is even more compelling than it is for supplemental jurisdiction. If a district court obtains pendent jurisdiction over state-law claims through removal, and the court resolves the federal claims, it has the discretion whether to retain supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3). If a district court has the authority under *Cohill* to remand in such a situation—when the continued exercise of supplemental jurisdiction is discretionary—than surely a district court has the authority to remand when the lack of equity jurisdiction *precludes* the district court from proceeding.

scope of diversity jurisdiction through CAFA's enactment. But it did not do so, and the abrogation of federal common law by statute may not be implied. *See United States v. Texas*, 507 U.S. 529, 534 (1993) ("In order to abrogate a common-law principle, the statute must 'speak directly' to the question addressed by the common law."); *cf. Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 526 (1981) (Tax Injunction Act of 1937 an example of "Congress . . . cutting back federal equity jurisdiction").

As such, the district court had the discretion to remand this case.

### A. Having argued below that the district court had the discretion to remand, the appellants cannot now contend that the court could not remand.

Moreover, having argued below that the district court had the discretion to remand, the appellants cannot contend to the contrary on appeal.

In its briefing to the district court opposing the motion to remand, the appellants jointly argued that there was no controlling Ninth Circuit precedent requiring remand. "Because the Court has jurisdiction under CAFA, and no controlling precedent requires the relief Plaintiff seeks, the Motion should be denied." (ECF No. 20 at 4.) But the appellants acknowledged that many district courts, including *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869 (N.D. Cal. 2021), found remand to be an appropriate remedy. (*Id.* at 7.) As such, they argued that remand, while a potential remedy, was not required. "[E]ven if it was

12

assumed that remand *is* an available option when the Court otherwise has subject matter jurisdiction, the *Guthrie* court at no point characterized remand as a *mandatory* result." (*Id.*)

At the hearing on the motion to remand, counsel for Renewal by Andersen and Andersen Corporation reiterated to the district court that while the court should not remand, it had the discretion to do so. "I think this—both of the—the briefing on this I think has left it in your discretion. The Court is going to decide what's the right thing to do." (ER-18.) The district court agreed, holding that "ultimately, I think you're right, I have discretion." (ER-19.) After that colloquy, the district court exercised its discretion and elected to remand.

On appeal, the appellants now contend that the district court did *not* have the discretion to remand, and seeks reversal as a result. But at least two judicial doctrines preclude the appellants from claiming error on appeal.

First, judicial estoppel. The appellants made a strategic decision below in their briefing and argument to argue that the court should not remand, not that is was barred from doing so—a reasonable position to take given the slew of cases that had already held that the district court had the authority to remand. Having successfully maintained to the district court that it had discretion, the appellants are judicially estopped from taking the opposite position on appeal. *See Hamilton v.*

*State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.").

Second, invited error. To the extent that the district court erred in exercising discretion to remand, the appellants invited that error by inducing the district court to exercise discretion. *See United States v. Myers*, 804 F.3d 1246, 1254 (9th Cir. 2015) ("The doctrine of invited error prevents a defendant from complaining of an error that was his own fault.").

## II.  If equity jurisdiction plainly does not exist, a defendant cannot waive it; the district court may not proceed regardless of whether a party objects.

One of the fundamental criteria of federal equity jurisdiction is the lack of a "plain, adequate and complete remedy at law." *York*, 326 U.S. at 105; *see also Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1129 (9th Cir. 2020) ("'The necessary prerequisite' for a court to award equitable remedies is 'the absence of an adequate remedy at law.'") (quoting *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 478 (1962)).

In her complaint, the appellee did not allege the lack of an adequate remedy at law. When a plaintiff fails to plead the lack of an adequate remedy at law, federal equity jurisdiction does not exist. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (no equity jurisdiction where "the operative complaint

14

does not allege that [the plaintiff] lacks an adequate legal remedy"); *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (complaint seeking equitable relief failed because it did not plead "the basic requisites of the issuance of equitable relief" including "the inadequacy of remedies at law").

The appellants point to a series of cases in which the defendant was held to have "waived" its ability to challenge the lack of equity jurisdiction by waiting until the case proceeded on the merits or on appeal—improperly lying in wait to see how the case progressed before deciding whether to object. (*See* Opening Br. 35–36.)

But if a case clearly lacks equity jurisdiction, a federal court may not hear it, even if the parties do not object. *See Matthews v. Rodgers*, 284 U.S. 521, 524 (1932) ("The want of equity jurisdiction, if obvious, may and should be objected to by the court of its own motion."); *see also Twist*, 274 U.S. at 690 ("Either the trial court or the appellate may, of its own motion, take the objection that the case is not within the equity jurisdiction."). As the Supreme Court held more than 130 years ago in *Cates*, where a removed case plainly lacked equity jurisdiction, "it was the *duty* of the circuit court, upon ascertaining that it was improperly removed, to remand the case." 149 U.S. at 460 (emphasis added).

These cases often involved a complaint that sought a purely legal remedy, which before the merger of law and equity, plainly could not proceed in a court of

equity, whether or not the defendant "waived" any objection to it. The requirement of the lack of an adequate remedy of law, which survived the merger of law and equity, is an equally plain requirement of equity jurisdiction.

Moreover, the cases cited by the appellants actually involve not waiver but forfeiture, as the defendants were held to have sat on their rights until it was too late to object that the court lacked equity jurisdiction. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) ("Forfeiture is the failure to make the timely assertion of a right, whereas waiver is the "intentional relinquishment or abandonment of a known right.") (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). (*See* Opening Br. 35–36.)

The situation here is quite different, in that the appellants are contending that they can *manufacture* equity jurisdiction through waiver, even when the plaintiff has plainly failed to allege the lack of an adequate remedy at law. But a party cannot unilaterally expand the historical limitations on the equity jurisdiction of the federal courts. To the contrary, as set forth above, when the lack of an adequate remedy at law is plain, the district court has the duty to interpose its own objection, regardless of the position of the parties.[4] Indeed, even a stipulation by

---

[4] Moreover, here you have a plaintiff who did not avail herself of federal court but was instead haled into federal court through removal—and who has *not* waived the lack of equity jurisdiction.

16

the parties to the existence of equity jurisdiction cannot create equity jurisdiction where, as here, it plainly does not exist. *See Barranco*, 952 F.3d at 1130 ("the terms of a contract alone cannot require a court to grant equitable relief"); *Twist*, 274 U.S. at 690 ("Nor can the task of reviewing such a case as if it were actually an equity cause be imposed upon the appellate court through consent of the parties.").

It is important to note that the values of economy, fairness, and comity that underlie the lower court's authority to remand, *see Cohill*, 484 U.S. at 351, would be undermined *even if* the appellants had the ability to waive the absence of equitable jurisdiction. That is because the causes of action in this case seek not only restitution but also public injunctive relief under the UCL and FAL.

While federal courts lack equity jurisdiction over the claims for restitution, they lack subject-matter jurisdiction over the claims for public injunctive relief because the appellee—who is now aware of the appellants' unfair and unlawful pricing practices and is unlikely to be deceived by them again—does not face an actual or imminent threat of future harm. While California allows a plaintiff to assert a claim for public injunctive relief to benefit the general public based on a plaintiff's prior injury, *see McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 955 (2017), to have federal Article III standing a plaintiff must establish that she has an actual or imminent threat of *future* injury. *See Davidson.,* 889 F.3d at 967 (for Article III

standing for injunctive relief, plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way").

Because the plaintiff lacks Article III standing to assert claims for public injunctive relief in federal court, the court lacks subject matter jurisdiction to adjudicate those claims for relief, and they must be dismissed. *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (federal court lacks subject matter jurisdiction over claims for which plaintiff lacks Article III standing).

And then what? As this Court held in *Guzman*, the district court would be required to dismiss without prejudice to the public injunctive relief claims being refiled in state court, because the lack of federal jurisdiction cannot prevent state-law claims for relief from being heard. "But where federal law bars us from considering the merits of state-law claims, we also lack authority to prevent state courts from doing so." *Guzman*, 49 F.4th at 1315; *see also Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court.") (cleaned up).

As such, were this Court to find that the appellants, by unilaterally waiving the lack of equity jurisdiction, could preclude the district court from remanding this case to state court, the claims would end up split—with the UCL and FAL claims

for public injunctive relief in state court, and the UCL and FAL claims for

restitution in federal court. That would fly directly in the face of the principles of

comity, fairness, convenience, and economy that underlie the district court's

inherent authority to remand.

### A. Even if a defendant could unilaterally waive the lack of equitable jurisdiction, the appellants did not do so below and cannot do so now.

Even if a defendant could unilaterally waive a lack of equity jurisdiction, the

appellants did not do so. In their briefing opposing the motion to remand, the

appellants did not mention waiving the lack of equity jurisdiction even once. To the

contrary, they argued that if the district court did not remand, "it appears likely

that Plaintiff's claims *cannot* proceed to determination on the merits in federal

court under equitable jurisdiction principles." (ECF 20 at 9) (emphasis added). As

such, they argued, if the case were not voluntarily dismissed or sent to arbitration,

the case would have to be dismissed. *Id.* Moreover, at the hearing on the motion to

remand, the defendants informed the district court that the appellant in *Ruiz v.

Bradford Exchange, Ltd.*, No. 24-3378, raised the argument before this Court that

the lack of equitable jurisdiction could be waived, but the defendants here did not

make the argument themselves. (ER-15–16, ER-22–23.) Having not made the

argument below, they cannot advance it on appeal. *One Indus., LLC v. Jim O'Neal

Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009).

19

## CONCLUSION

The Court should affirm.

Date: April 12, 2025

/s/ *Thomas D. Warren*

Thomas D. Warren
Dan Terzian
Warren Terzian LLP
222 N. Pacific Coast Hwy, Suite 2000
Los Angeles, CA 90245
(216) 304-4970
tom.warren@warrenterzian.com
dan.terzian@warrenterzian.com

*Counsel for Plaintiff-Appellee*
*Brenda Young*

## STATEMENT OF RELATED CASES

Certain of the issues in this appeal are similar to those raised in *Ruiz v. The Bradford Exchange, Ltd.*, No. 24-3378. There are a number of other appeals of remand orders in the absence of equity jurisdiction as well, but they are not as far along as *Ruiz*.

The related cases of which the undersigned is aware are:

- *Ruiz v. The Bradford Exchange, Ltd.*, No. 24-3378

- *Haver v. Gen. Mills, Inc.*, No. 24-6784

- *Rogoff v. Transamerica Life Ins. Co.*, No. 24-7732

- *Velasquez v. Luxottica of America, Inc.*, No. 25-1258

- *Silva v. CreditNinja Lending, LLC*, No. 25-2165

The discussion above of the propriety of remand and the unavailability of waiver may be of interest to the panel in *Ruiz*, should that decision not yet have been issued when this appeal is considered.

Date: April 12, 2025                    /s/ *Thomas D. Warren*
                                        Thomas D. Warren

## CERTIFICATE OF COMPLIANCE

I am one of the attorneys representing Brenda Young, the appellee. This brief contains 4,484 words, excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief complies with the word limit of Cir. R. 32-1.

Date: April 12, 2025

/s/ *Thomas D. Warren*
Thomas D. Warren